## WILLIAM YANTIS v. T. W. FOREMAN.

**Principal and Agent — Usurious Interest.**

> Where an agent loans money for his principal at a usurious rate of interest, taking a note to himself, and thereafter assigning it to his principal, in a suit on the note, it would be purged of all legal interest.

### APPEAL FROM BOYLE CIRCUIT COURT.

### June 13, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

This action was instituted on a note executed by appellee to A. G. Daniel, on the 1st of July, 1862, for $278 then due, and assigned by him to appellant on the 16th of July, 1864.

Appellee in his answer avers that the note was executed for usurious and illegal interest growing out of a transaction commenced on the 3d of November, 1860. When he borrowed of

Daniel $200, at the usurious and unlawful interest of $2 per week, and executed a writing in these words: " I have borrowed of John Engleman by the hands of A. G. Daniel, $200 this 3d of November, 1860;" that on the 2d of February, 1861, he paid Daniel $25, and executed another note in the same language except that it was for $227. On the 13th of April, 1861, he again renewed the writing for $267; and on the 8th of June he paid to Daniel $135, and executed his acknowledgment of having borrowed of Engleman then $164. On the 24th of August, 1861, he executed a similar writing for $188.

On the 8th of January, 1862, he renewed the obligation again, acknowledging his indebtedness to be $228, and on the 1st of July, 1862, he gave his due-bill to said A. G. Daniel for $278, the same upon which the action was brought, that at each renewal, interest was counted at $2 per week, and either paid, or put in the note, and that the $200 borrowed on the 3d of November, 1860, constituted the only consideration for the various renewals, the sums paid, and of the note in controversy, and of said note, $229.70 are for usurious and unlawful interest, which he pleads as a counterclaim against so much of the note, and asks a credit or a judgment therefor.

The plaintiff below, after denying any knowledge of the facts stated in the answer, charges that at the date of the note sued upon, there were some matters of account unsettled between defendant and John Engleman, in which he was indebted to said Engleman; and that Engleman was indebted to his assignor, A. G. Daniel, in a sum equal to the amount of the note sued upon, or, perhaps, a greater sum; and in consideration that defendant would execute to Daniel his note, the same should be a release and discharge of defendant's indebtedness to Engleman and should also be a satisfaction of the indebtedness of Engleman to Daniel to the same amount, and with a full knowledge of the facts stated appellee executed his note directly to Daniel, whereby he discharged the debt to Engleman, and Engleman got a credit for the same amount on his indebtedness to Daniel, and, therefore, insists on a judgment for the full amount of the note. At the August term, 1865, of the Circuit Court, a judgment was rendered against appellee for $50, and at the succeeding February term of said court, the law and facts were submitted to the circuit judge, and he rendered a final judgment against appellee for $32.85, and of that judgment appellant complains.

The several notes bearing the respective dates and for the amounts as stated in the answer are filed with the name of the obligor torn off; and the history of the transaction in relation to the rate of interest exacted, the amounts paid, and the renewal of the notes as detailed in the answer fully sustained by the proof.

Minor was introduced as a witness on the trial for appellee, and testified that the money was borrowed for him, that he applied to Daniel for it, and he told him he had the money; but he did not know him, and he could not get it; the witness then told him that Dr. Foreman, the appellee, would give his note for it; Daniel replied, he knew Foreman, had dealt with him before, he could get the money, his terms were $2 per week on each $100, and the money was then obtained from him by appellee, and placed to the credit of witness in bank. He further stated, when he applied to Daniel to borrow the money, he said he had money to loan on the terms stated on short time, but did not say whose money it was.

Appellant executed a release to Daniel, and then introduced him as a witness who proved he loaned the money to appellee as agent for Engleman, at the rates stated, the several renewals of the notes, and the payments as before stated; and also proved the execution of the note sued on to himself by an arrangement with appellee, under the following circumstances; that Engleman desired him to settle up the matters in his hands as his agent; he then called on appellee for the money he owed Engleman, he could not pay it, and appellee then asked Daniel to take from him a note for the amount he owed Engleman, and give Engleman a credit for the same, and he would pay Daniel $4 per week on said note until he paid it, for the accommodation, this he agreed to do, and the business was closed up in that way.

He furthermore stated he was indebted to his daughter, the wife of appellant, and in part payment of that indebtedness, he assigned the note in him, retained it for collection, and took it to the lawyer, or to Chrisman, and had the suit brought upon it. He could not state the amount of his indebtedness to his daughter, and there was no written memorandum of his settlement with Engleman.

How appellee learned Daniel was the creditor of Engleman is not shown, nor does Daniel state when, or on what consideration, Engleman became his debtor, and it is extraordinary, certainly unusual, in the dealing between men, that Daniel should retain the money of his debtor, loan it out for him at the enormous rate of

interest at which this money was loaned, without compensation so far as this record shows, and delay the settlement and collection of his own debt, and then take it on a man evidently greatly pressed for money, and when he knew the transaction was tainted with usurious interest at most oppressive rates.    Moreover, he assigned the note to his son-in-law in part payment, as he says, of a debt he owed his daughter, the amount, however, he does not know, fails to tell how the debt is evidenced, and after the assignment of the note,. retains it to collect for his assignee, and upon the trial his son-in-law gave him a release to render him competent to testify.

Daniel was the negotiator and actor in loaning and collecting the money, and renewing the notes; if the money was not his, no reason is perceived, nor motive assigned for the labor he took upon himself in the business; and that circumstances, with the facts before referred to, persuasively if not irresistably lead to the conclusion that the taking the note sued on, payable to himself, was an artifice resorted to, to cover up and make available the exorbitant usury he had exacted on the loan.    And as we are satisfied that the two judgments amount to as much as was due on the note after crediting the amounts paid and purging it of the usury, the final judgment is affirmed.